**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Robert BERNAY, Defendant—
Appellant.**

No. 03–50588.

D.C. No. CR–03–01036–1–JML.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 2004.*

Decided Nov. 4, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joanna P. Baltes, Office of the U.S. Attorney, Michael J. McCabe, Law Offices of Michael Mccabe, San Diego, CA, for Plaintiff–Appellee.

Michael J. McCabe, Law Offices of Michael Mccabe, San Diego, CA, for Defendant–Appellant.

Before FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**MEMORANDUM\*\***

Robert Bernay appeals his conviction for bringing in an alien for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and bringing in an alien without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's discovery rulings under Fed.R.Crim.P. 16 for an abuse of discretion. *United States v. Alvarez,* 358 F.3d 1194, 1208 (9th Cir.2004). A district court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *United States v. Cervantes,* 219 F.3d 882, 894 (9th Cir.2000)

Because the parties are familiar with the facts, we recite them only as necessary for this decision. Defendant argues that district court erred in denying his request for discovery of border crossings (TECS records) for a rental vehicle that Bernay had driven in the past, but was not driving at the time of his arrest. In order to obtain discovery under Federal Rule of Criminal Procedure 16, a defendant must first make a prima facie showing of materiality. *United States v. Mandel,* 914 F.2d 1215, 1219 (9th Cir.1990); Fed.R.Crim.P. 16. The district court ruled that Bernay did not satisfy his burden, in that his prior border crossings in a Toyota Corolla would not shed light on whether Bernay knew that a person was concealed in the Ford van he was driving on the day in question. The district court did not abuse its discretion in denying Bernay's discovery request.

At trial, the government used these records to impeach Bernay. However, the mere fact that the defendant might have been able to craft a more consistent story

had he had access to the government's impeachment evidence does not make the documents themselves relevant or material. *United States v. Gonzalez–Rincon*, 36 F.3d 859, 865 (9th Cir.1994).

Defendant further argues that the district court erred in admitting the crossing history of the Toyota Corolla on rebuttal to impeach the defendant's testimony because, he claims, the documents were hearsay and were not authenticated. We held in *United States v. Orozco*, 590 F.2d 789 (9th Cir.1979), that TECS evidence is admissible as a public record under Rule 803(8) unless the sources of information or other circumstances indicate lack of trustworthiness. *Id.* at 794. No such circumstances exist in this case.

Inspector Matias testified that he had personal knowledge about the TECS system, that he was exposed to the TECS system on a daily basis, and that he personally generated Government Exhibit 14 using the TECS system. The district court did not abuse its discretion in ruling that the TECS records had been sufficiently authenticated. *United States v. Tank*, 200 F.3d 627, 630 (9th Cir.2000).

Finally, Bernay argues that the district court erred by excluding Bernay's videotaped post-arrest statement in surrebuttal. We disagree. The district court excluded the tape as cumulative under Federal Rule of Evidence 403. Trial courts have broad discretion to admit or exclude rebuttal or surrebuttal evidence. *United States v. Batts*, 573 F.2d 599, 603 (9th Cir.1978). Had Bernay offered the tape to show that Matias had given an inaccurate account of Bernay's post-arrest statements, the tape might have been admissible. *United States v. Simtob*, 901 F.2d 799 (9th Cir.1990). Instead, Bernay offered the tape to show his own prior consistent statement. As such, it was hearsay. Fed.R.Evid. 801(d)(1)(B). Because we can affirm on any ground supported by the record, *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir.2004), we find that the district court did not abuse its discretion in excluding the tape.

**AFFIRMED.**